UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL MCGUIRE, CARLO AVERSANO, EDWIN SIAGARAN, LELIS PALACIOS, MANUEL HERNANDEZ, JOSE MEJIA, SANTOS VIGIL, JUAN MOLINA, JOSE RIOS, on behalf of themselves and others similarly situated,

      Plaintiffs,

   -against-

ANTONIO DECRESCENZO, JORGE GONZALEZ, AFFINITY FLSD AND SECURITY CORP. D/B/A POSITANO PIZZA & RISTORANTE, POSITANO BRICK OVEN PIZZA & RISTORANTE,

      Defendants.

---

Index No.

COMPLAINT

FLSA COLLECTIVE ACTION
RULE 23 CLASS ACTION

  Plaintiffs MICHAEL MCGUIRE ("MICHAEL"), CARLO AVERSANO ("CARLO"), EDWIN SIAGARAN ("EDWIN"), LELIS PALACIOS ("LELIS"), MANUEL HERNANDEZ ("MANUEL"), JOSE MEJIA ("MEJIA"), SANTOS VIGIL ("SANTOS"), JUAN MOLINA ("JUAN"), and JOSE RIOS ("RIOS") on behalf of themselves, and others similarly situated former and current employees of Defendants (the "Class"), and those who elect to opt into this action (the "FLSA Collective Plaintiffs") and complaining of the Defendants ANTONIO DECRESCENZO (aka DE CRESCENZO) ("ANTONIO"), JORGE GONZALEZ ("JORGE"), AFFINITY FLSD AND SECURITY CORP. d/b/a POSITANO PIZZA & RISTORANTE ("POSITANO PIZZA"), POSITANO BRICK OVEN PIZZA & RISTORANTE ("POSITANO BRICK OVEN") (POSITANO PIZZA and POSITANO BRICK OVEN, collectively, the "CORPS.") herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, that they are entitled to, under 29 U.S.C. § 201 *et seq.* ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

2. Plaintiffs further allege, *inter alia*, that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.*, (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants: (i) unpaid wages for overtime work performed, (ii) liquidated damages for failure to pay overtime premium, (iii) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring and for improper pay stubs, (v) attorneys' fees, (vi), civil damages for filing false taxes, (vii) interest, and (viii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper as Defendants conduct business in Nassau County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiff*

5. Plaintiffs largely reside in NASSAU County, New York.

*Defendants*

6. All Defendants are collectively referred to as "Defendants."

7. ANTONIO is a principal of POSITANO BRICK OVEN.

8. ANTONIO resides at 1123 Admont Avenue, Franklin Square, NY 11010; and/or 75

2

Bellwood Drive, New Hyde Park, NY 11040.

9. POSITANO BRICK OVEN has an address at 406 Hillside Avenue, Williston Park, NY 11596.

10. JORGE is a principal of POSITANO PIZZA.

11. JORGE resides at 17 Lee Avenue, Rockville Centre, NY 11570 and has a principal place of business at 406 Hillside Avenue, Williston Park, NY 11596.

12. POSITANO PIZZA has an address at 406 Hillside Avenue, Williston Park, NY 11596.

13. Upon information and belief, ANTONIO is: the President, Chief Executive Officer or a corporate officer of POSITANO BRICK OVEN, owns, is a majority shareholder, an agent of, manager of, has active control of the POSITANO BRICK OVEN has operational control of POSITANO BRICK OVEN, sets the weekly work-hours of the employees, has the power to establish the wages of the employees of POSITANO BRICK OVEN, implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of POSITANO BRICK OVEN, determined employee salaries, made hiring decisions, maintains the employee records of the POSITANO BRICK OVEN, directed the managers and employees of POSITANO BRICK OVEN as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of POSITANO BRICK OVEN, hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

14. ANTONIO exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

15. Upon information and belief, JORGE is: the President, Chief Executive Officer or a corporate officer of POSITANO PIZZA owns, is a majority shareholder, an agent of, manager of, has

3

active control of POSITANO PIZZA, has operational control of POSITANO PIZZA, sets the weekly work-hours of the employees, has the power to establish the wages of the employees of POSITANO PIZZA, implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of POSITANO PIZZA, determined employee salaries, made hiring decisions, maintains the employee records of the POSITANIO PIZZA, directed the managers and employees of POSITANO PIZZA as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of POSITANO PIZZA, hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

16. JORGE exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

17. The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

18. At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

20. At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

21. At all relevant times, the CORPS. were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

## SUCCESSOR LIABILITY

22. Upon information and belief, POSITANO PIZZA is currently engaged in substantially the same work, in substantially the same working conditions, operate under the same d/b/a name, utilized the same logo and programs, have substantially the same menu items, have substantially the same body of customers, and are otherwise liable as the successors, successors in business, successors in products or services, or a portion thereof, or a party to a merger or acquisition, or the purchaser, to the predecessor corp., believed herein to be POSITANO BRICK OVEN, and are its successor during all relevant times under N.Y. Lab. Law § 219, and all applicable federal, state laws and statutes, amongst other. Therefore, POSITANO PIZZA is liable for all damages under all causes of action during POSITANO BRICK OVEN's ownership period.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

24. At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

25. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names

and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

26. The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

28. All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

29. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

30. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of

6

the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of

conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

   b) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation;

   c) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of all applicable laws, including the NYLL Article 19 § 650 *et seq.* and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

   d) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

   e) Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

## STATEMENT OF FACTS

35. The restaurant/pizzeria known as POSITANO or POSITANO PIZZA & RISTORANTE is located at 406 Hillside Avenue, Williston Park, NY (the "RISTORANTE").

36. The RISTORANTE was owned by ANTONIO through his corporate entity POSITANO BRICK OVEN. ANTONIO sold the RISTORANTE around October 2021 to JORGE through JORGE's corporate entity POSITANO PIZZA – who continues to own and run the RISTORANTE.

37. ANTONIO, JORGE and the CORPS. were in charge of hiring Plaintiffs during their respective ownership periods.

38. ANTONIO, JORGE and the CORPS. decided the job duties that Plaintiffs perform during their respective ownership periods.

39. ANTONIO, JORGE and the CORPS. determined Plaintiffs' hourly rate of pay during their respective ownership periods.

40. ANTONIO, JORGE and the CORPS. determined Plaintiffs' work schedule during their respective ownership periods.

41. ANTONIO, JORGE and the CORPS. determined the number of hours that Plaintiffs worked during their respective ownership periods.

42. ANTONIO, JORGE and the CORPS. managed Plaintiffs' employment, including the amount of overtime that they worked each workweek during their respective ownership periods.

43. ANTONIO, JORGE and the CORPS. supervised and controlled the conditions of Plaintiffs' employment during their respective ownership periods.

44. ANTONIO, JORGE and the CORPS. maintained Plaintiffs' employment records during their respective ownership periods.

45. ANTONIO, JORGE and the CORPS. have dictated, controlled, and ratified the wage and hour and related employee compensation policies during their respective ownership periods.

46. ANTONIO, JORGE and the CORPS. were aware of Plaintiffs' work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week during their respective ownership periods.

47. ANTONIO, JORGE participated, controlled, directed, and had/have operational control of the day to day operations of the CORPS during their respective ownership periods.

48. MICHAEL is employed by Defendants as a counter person and pizza maker from more than six years before the filing date until the present. He generally works over 40 hours a week.

49. MICHAEL was paid approximately $1,300 weekly from 2017 – 2018, then $1,500 weekly from 2019 to 2021, and $1,650 weekly from 2022 to the present. MICHAEL was paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

50. During the work-week of October 18, 2022 to October 23, 2022, MICHAEL worked about 69 hours, but was only paid $750 by check and the remainder of his pay in cash. During that work-week, MICHAEL was not paid an overtime premium.

51. CARLO is employed by Defendants as a waiter from more than six years before the filing date until the present. He generally works over 40 hours a week.

52. CARLO was paid approximately $380 weekly from 2017 – 2021, then $700 weekly from 2022 to the present. CARLO was paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

53. During the work-week of October 18, 2022 to October 23, 2022, CARLO worked about 60 hours, but was only paid $300 by check, and the remainder of his pay in cash. During that work-week, CARLO was not paid an overtime premium.

54. EDWIN is employed by Defendants as a dishwasher, food packer, food preparer, and cook from more than six years before the filing date until the present. He generally works over 40 hours a week.

55. EDWIN was paid approximately $560 weekly in 2017, $750 weekly in 2018, $900 weekly in 2019, $1,050 weekly from 2020-2021, $1,150 weekly in 2022, then $1,350 weekly in 2023. EDWIN was paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

56. During the work-week of October 18, 2022 to October 23, 2022, EDWIN worked about 61 hours, but was only paid $590 in check and the remainder of his pay in cash. During that work-week, EDWIN was not paid an overtime premium.

57. LELIS is employed by Defendants as a dishwasher, food packer, and food preparer from more than six years before the filing date until the present. He generally works over 40 hours a week.

58. LELIS was paid approximately $870 weekly from 2017 – 2018, then $1,000 weekly from 2019 to 2020, then $1,100 weekly in 2021, and $1,150 weekly in 2022 until now. LELIS was paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

59. During the work-week of September 5, 2022 to September 11, 2022, LELIS worked about 61 hours, but was only paid $627.38 by check and the remainder of his pay in cash. During that work-week, LELIS was not paid an overtime premium.

60. MANUEL is employed by Defendants as a cook from more than six years before the filing date until the present. He generally works over 40 hours a week.

61. MANUEL was paid approximately $1,026 weekly in 2017, then $1,326 weekly from 2021 to the present. MANUEL was paid by company check and cash from 2017 to 2021, then by

11

company check with pay stub and cash from 2022 until the present day.

62. During the work-week of October 18, 2022 to October 23, 2022, MANUEL worked about 60 hours, but was only paid $626 by check, and the remainder of his pay in cash. During that work-week, MANUEL was not paid an overtime premium.

63. MEJIA is employed by Defendants as a food preparer, pizza dough preparer, and dishwasher from more than six years before the filing date until the present. He generally works over 40 hours a week.

64. MEJIA was paid approximately $900 to $1,000 weekly from 2017 – 2019, then $1,100 weekly in 2020, $1,150 weekly in 2022, and $1,300 from 2023 to the present. MEJIA was paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

65. During the work-week of May 29, 2023 to June 4, 2023, MEJIA worked about 72 hours, but was only paid $900 by check, and the remainder of his pay in cash. During that work-week, MEJIA was not paid an overtime premium.

66. SANTOS is employed by Defendants as a busboy from more than six years before the filing date until the present. He generally works over 40 hours a week.

67. SANTOS was paid $340 weekly from 2017 – 2018, then $320 weekly in 2019, then $600 weekly from 2020 – 2021, then $750 weekly from 2022 to the present. SANTOS was paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

68. During the work-week of October 18, 2022 to October 23, 2022, SANTOS worked about 72 hours, but was only paid $440 by check, and the remainder of his pay in cash. During that work-week, SANTOS was not paid an overtime premium.

69. JUAN is employed by Defendants as a dishwasher from more than six years before the filing date until the present. He generally works over 40 hours a week.

70. JUAN was paid $600 weekly from 2016 – 2021, then $700 weekly from 2022 to the present. JUAN was paid by cash from 2016 – 2021, then by check and cash from 2022 to the present.

71. During the work-week of October 18, 2022 to October 23, 2022, JUAN worked about 61 hours, but was only paid $400 by check, and the remainder of his pay in cash. During that work-week, JUAN was not paid an overtime premium.

72. RIOS is employed by Defendants as a cook from more than six years before the filing date until the present. He generally works over 40 hours a week.

73. RIOS was paid $775 weekly in 2017, then $850 weekly from 2018 – 2021, then $976 from 2022 to the present. RIOS paid by company check and cash from 2017 to 2021, then by company check with pay stub and cash from 2022 until the present day.

74. During the work-week of October 18, 2022 to October 23, 2022, RIOS worked about 69 hours, but was only paid $626 by check, and the remainder of his pay in cash. During that work-week, RIOS was not paid an overtime premium

75. ANTONIO, JORGE, and the CORPS. did not accurately record or report the hours Plaintiffs worked.

76. The checks provided to Plaintiffs were false and failed to properly account for hours worked or wages paid.

77. The cash portions of Plaintiffs' pay did not contain withholds for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare and was not included in their wages reported to the IRS under Form W-2 by Defendants.

78. With respect to the cash paid to Plaintiffs, Defendants failed to provide a pay statement containing gross and net wages, itemized deductions, and/or itemized allowances.

Accordingly, upon information and belief, Defendants failed to properly pay the payroll taxes for those cash payments to Plaintiffs like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

79. Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

80. While Plaintiffs and Collective and Class plaintiffs worked in excess of forty hours a week, Defendants willfully failed to pay them overtime compensation for the overtime hours worked.

81. Also, Plaintiffs and Collective and Class plaintiffs typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

82. When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

83. Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

84. Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights, and employee rights by the NYLL.

85. During all relevant times, Defendants failed to maintain accurate and sufficient records of those hours Plaintiffs worked and those wages paid to them.

86. Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

87. Defendants committed the following acts against Plaintiffs, the FLSA Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, including 29 U.S.C. 201 *et seq*.)**
**(Brought by Plaintiffs on Behalf of themselves, Collective Plaintiffs and the Class)**

88. Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

89. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

90. At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times their regular hourly rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

91. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their hourly rate for hours worked in excess of forty (40) hours per workweek.

92. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations, including N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4)**
**(Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)**

93. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

94. Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

95. As a result of Defendant's willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements, including N.Y. Lab. L. §§195 and 198)**
**(Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)**

96. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

97. Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place

of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

98. Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

### FOURTH CLAIM FOR RELIEF
(New York Wage Statement Requirements, including N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3)
(Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)

99. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

100. Defendants paid Plaintiffs, and the Class, wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

101. Additionally, Defendants are required to keep records for six years, which must include accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

102. Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

103. Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y.

Lab. Law § 198(1-d).

## FIFTH CLAIM FOR RELIEF
### (Civil Damages for Fraudulent Filing of Returns, including 26 U.S. Code § 7434)
### (Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)

104. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

105. Defendants paid Plaintiffs, in part, by check, wherein those payments contained the following withholds: Social Security Employee; Medicate Employee, and NY– Disability.

106. Defendants also paid Plaintiffs, in part, in cash, "off the books" without a check or paystub. Such "off the book" cash payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes (employer expenses) for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation, Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

107. Defendants are required to report all wages paid to employees to the IRS, and furnish each employee an IRS Form W-2 indicating those wages Defendant reported to the IRS for that employee. Defendants are then required to file Form W-3 (Transmittal of Income and Tax Statements) which list the employee information provided in Form W-2. The W-3 is initially filed with the Social Security Administration, who forwards it to the IRS. The IRS verifies the accuracy of the W-3 with the W-3's and provides a reconciliation of the quarterly tax payments for the year.

108. Defendants are also required to file their quarterly taxes with NY State (NYS-45 or NYS-45-ATT) and the IRS (Form 941) indicating all employee wages paid. Defendants are required to list each employee and indicate their wages paid on their yearly tax returns – those wages listed must align with the W-2's issued.

109. Defendants knew they made cash payments to Plaintiffs and further knew those payments should have been included on the W-2's issued to Plaintiffs and reflected on Defendants income tax returns. Accordingly, Defendants filed income tax returns as those returns contained false wages paid to Plaintiffs.

110. Accordingly, Defendants have fraudulently and willfully filed income tax returns for those years that Plaintiffs were employed by them and are therefore liable to Plaintiffs thereof.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, the Class and other FLSA Collective Plaintiffs, demand a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

a. Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

b. Alternatively, to designate this action as a Rule 23 class action, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

c. Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law ;

d. Awarding all unpaid compensation due under the FLSA and N.Y. Lab. Law;

e. Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay overtime compensation, under the FLSA and the N.Y. Lab. Law;

f. Awarding Plaintiff an award of overtime under the FLSA and N.Y. Lab.

Law;

g. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

h. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

i. Awarding Plaintiff liquidated damages as a result of Defendants' failure maintain records under the N.Y. Lab. Law;

j. Awarding Plaintiffs' damages for Defendants Fraudulent Filing of Tax Returns;

k. Awarding Plaintiffs pre-judgment interest;

l. Awarding Plaintiffs post-judgment interest;

m. Awarding Plaintiffs attorneys fees;

n. Awarding Plaintiffs 15% increase in any judgment that remains uncollected after 90 days; and

o. Granting such other and further relief as this Court deems just and proper.

Dated: July 20, 2023

By: __/s/_____
Marcus Monteiro
*mmonteiro@mflawny.com*
**MONTEIRO & FISHMAN LLP**
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
Facsimile: (516) 280.4530
Attorneys for Plaintiffs,
Collective Plaintiffs and
Class Plaintiffs
*MFLawNY.com*
*GetOvertimePay.com*