UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL MCGUIRE, CARLO AVERSANO, EDWIN
SIAGARAN, LELIS PALACIOS, MANUEL HERNANDEZ,
JOSE MEJIA, SANTOS VIGIL, JUAN MOLINA, JOSE
RIOS, on behalf of themselves and others similarly situated,

               Plaintiffs,

    -against-

ANTONIO DECRESCENZO, JORGE GONZALEZ,
AFFINITY FLSD AND SECURITY CORP. D/B/A
POSITANO PIZZA & RISTORANTE, POSITANO BRICK
OVEN PIZZA & RISTORANTE,

               Defendants.
----------------------------------------------------------------------X

Civil Action No: 2:23-cv-05552 (JMA)(ARL)

## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Negotiated Settlement Agreement and Release ("Agreement") is made by and between defendants, Antonio Decrescenzo ("DeCrescenzo"), Positano Brick Oven Pizza & Ristorante ("Positano", collectively with DeCrescenzo, hereinafter the "DeCrescenzo Defendants"), Jorge Gonzalez ("Gonzalez"), and Affinity FLSD and Security Corp. d/b/a Positano Pizza & Ristorante ("Affinity", collectively with Gonzalez, hereinafter the "Affinity Defendants") on their own behalf and on behalf of their affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, current owners and principals (collectively, the "Defendants" or "Employers"), and plaintiffs, Michael McGuire, Carlo Aversano, Edwin Siagaran, Lelis Palacios, Manuel Hernandez, Jose Mejia, Santos Vigil, Juan Molina, and Jose Rios (collectively "Plaintiffs" or "Employees") (Plaintiffs and Defendants are hereinafter collectively referred to as the "Parties").

**WHEREAS**, Defendants and Plaintiffs are parties to a lawsuit filed in the United States District Court, Eastern District of New York, styled *Michael McGuire, Carlo Aversano, Edwin Siagaran, Lelis Palacios, Manuel Hernandez, Jose Mejia, Santos Vigil, Juan Molina and Jose Rios v. Antonio DeCrescenzo, Jorge Gonzalez, Affinity FLSD and Security Corp. d/b/a Positano Pizza & Ristorante, Positano Brick Oven Pizza & Ristorante*, Case No. 2:23-cv-05552 (JMA)(ARL) (the "Civil Action");

**WHEREAS**, in the Civil Action, Plaintiffs asserted, among others, claims under the Fair Labor Standards Act and New York State Labor Laws seeking: unpaid overtime wages, statutory damages, damages associated with the purported fraudulent filing of tax returns, liquidated damages, attorneys' fees and costs, and interest for Defendants' purported failure to pay Plaintiffs overtime wages, failure to provide wage statements and wage notices pursuant to New York Labor

Law § 195, failure to withhold Federal Income Tax, New York State Income Tax, Social Security, Medicare, Federal Unemployment, New York State Unemployment Insurance, New York Reemployment, New York Metropolitan Transportation Mobility Tax, and New York Disability Benefits (together with all other claims Plaintiffs have asserted or could assert relating to wage notices or the payment of wages and benefits, including any claim under 26 USC § 7434, the "Wage and Hour Claims");

**WHEREAS**, the DeCrescenzo Defendants joined issue with their filing and serving of their Answer with Crossclaim (Doc. No. 5) and Amended Answer with Crossclaim (Doc. No. 7), which denied the allegations in Plaintiffs' Complaint filed in the Civil Action;

**WHEREAS**, the Affinity Defendants filed and served their Answer with Crossclaim (Doc. No. 10) and Answer to Crossclaim (Doc. No. 11), which denied the allegations in Plaintiffs' Complaint filed in the Civil Action and the allegations in the DeCrescenzo Defendants' Crossclaim;

**WHEREAS**, the Defendants defended and continue to defend against all claims in the Civil Action and categorically deny Plaintiffs' allegations asserted in the Civil Action, deny engaging in any wrongdoing whatsoever, and deny that they were or are liable or owe any wages, damages, monies or obligations to Plaintiffs with respect to the allegations or causes of action asserted in the Civil Action;

**WHEREAS**, during the course of the Parties' discovery, a material dispute arose regarding Plaintiffs' Wage and Hour Claims;

**WHEREAS**, the Parties proceeded to mediation before Martin Scheinman, Esq. on March 4, 2024, and after several hours of arms-length negotiations, reached a settlement in principle;

**WHEREAS**, Plaintiffs represent, warrant and acknowledge that there are *bona fide* disputes between Plaintiffs and Defendants as to whether Plaintiffs are entitled to receive unpaid wages as alleged;

**WHEREAS**, the Parties understand and agree that Defendants and any and all present and former affiliated entities, predecessor entities, successor entities and respective present and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, professional employer organizations, administrators, executors, attorneys, insurers, representatives, fiduciaries, agents, heirs, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing alleged by Plaintiffs;

**WHEREAS**, the Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by the Defendants of any liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, prevailing wage law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiffs. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding

the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims contentions and differences of any kind whatsoever, whether known or unknown, which have been or could have been alleged by the Parties against each other;

**WHEREAS**, Plaintiffs, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein;

**WHEREAS**, the Court has made no findings as to the merits of the claims or allegations contained in Plaintiffs' Complaint or Defendants' cross-claims; and

**WHEREAS**, the terms and conditions of this Agreement have been fully explained to the Parties by their counsel.

**NOW THEREFORE**, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and agreed, the Parties each agree as follows:

1. SETTLEMENT TERMS

1.1 Settlement Amount.

(A) Defendants agree to pay the gross sum of $300,000.00 (the "Settlement Amount"), which shall fully resolve and satisfy any and all amounts to be paid to Plaintiffs and any and all claims for attorneys' fees and costs in respect of this Civil Action. Defendants will not be required to pay more than the Settlement Amount under the terms of this Agreement. The Settlement Amount shall be payable by Defendants as specified below, paid to Plaintiffs as specified below, and shall comprise of all amounts payable under Paragraphs 1.1(B) and (C) and 1.2 of this Agreement.

(B) From the Settlement Amount, the DeCrescenzo Defendants shall pay and Plaintiffs shall receive the amount of $275,000.00 by separate checks to be paid within 45 days of the Court approving this Settlement, as follows:

(i) alleged unpaid wages in the gross sum of $18,240.00, less all applicable state, federal and local taxes and withholdings to Michael McGuire;

(ii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $18,240.00 to Michael McGuire;

(iii) alleged unpaid wages in the gross sum of $6,258.00, less all applicable state, federal and local taxes and withholdings to Carlo Aversano;

(iv) alleged liquidated damages, statutory damages and/or interest in the gross sum of $6,258.00 to Carlo Aversano;

(v) alleged unpaid wages in the gross sum of $8,403.50, less all applicable state, federal and local taxes and withholdings to Edwin Siagaran;

(vi) alleged liquidated damages, statutory damages and/or interest in the gross sum of $8,403.50 to Edwin Siagaran;

(vii) alleged unpaid wages in the gross sum of $9,151.50, less all applicable state, federal and local taxes and withholdings to Lelis Palacios;

(viii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $9,151.50 to Lelis Palacios;

(ix) alleged unpaid wages in the gross sum of $9,463.00, less all applicable state, federal and local taxes and withholdings to Manuel Hernandez;

(x) alleged liquidated damages, statutory damages and/or interest in the gross sum of $9,463.00 to Manuel Hernandez;

(xi) alleged unpaid wages in the gross sum of $13,905.00, less all applicable state, federal and local taxes and withholdings to Jose Mejia;

(xii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $13,905.00 to Jose Mejia;

(xiii) alleged unpaid wages in the gross sum of $7,860.50, less all applicable state, federal and local taxes and withholdings to Santos Vigil;

(xiv) alleged liquidated damages, statutory damages and/or interest in the gross sum of $7,860.50 to Santos Vigil;

(xv) alleged unpaid wages in the gross sum of $5,768.50, less all applicable state, federal and local taxes and withholdings to Juan Molina;

(xvi) alleged liquidated damages, statutory damages and/or interest in the gross sum of $5,768.50 to Juan Molina;

(xvii) alleged unpaid wages in the gross sum of $9,970.00, less all applicable state, federal and local taxes and withholdings to Jose Rios;

        (xviii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $9,970.00 to Jose Rios; and

        (xix) Plaintiffs' counsel, Monteiro & Fishman LLP, the gross sum of $96,960.00 as payment towards attorneys' fees and costs.

(C) From the Settlement Amount, the Affinity Defendants shall pay and Plaintiffs shall receive the amount of $25,000.00 by separate checks to be paid within 45 days of the Court approving this Settlement, as follows:

        (i) alleged unpaid wages in the gross sum of $1,570.00, less all applicable state, federal and local taxes and withholdings to Michael McGuire;

        (ii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $1,570.00 to Michael McGuire;

        (iii) alleged unpaid wages in the gross sum of $379.00, less all applicable state, federal and local taxes and withholdings to Carlo Aversano;

        (iv) alleged liquidated damages, statutory damages and/or interest in the gross sum of $379.00 to Carlo Aversano;

        (v) alleged unpaid wages in the gross sum of $874.00, less all applicable state, federal and local taxes and withholdings to Edwin Siagaran;

        (vi) alleged liquidated damages, statutory damages and/or interest in the gross sum of $874.00 to Edwin Siagaran;

        (vii) alleged unpaid wages in the gross sum of $866.00, less all applicable state, federal and local taxes and withholdings to Lelis Palacios;

        (viii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $866.00 to Lelis Palacios;

        (ix) alleged unpaid wages in the gross sum of $919.00, less all applicable state, federal and local taxes and withholdings to Manuel Hernandez;

        (x) alleged liquidated damages, statutory damages and/or interest in the gross sum of $919.00 to Manuel Hernandez;

        (xi) alleged unpaid wages in the gross sum of $1,293.50, less all applicable state, federal and local taxes and withholdings to Jose Mejia;

(xii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $1,293.50 to Jose Mejia;

(xiii) alleged unpaid wages in the gross sum of $729.00, less all applicable state, federal and local taxes and withholdings to Santos Vigil;

(xiv) alleged liquidated damages, statutory damages and/or interest in the gross sum of $729.00 to Santos Vigil;

(xv) alleged unpaid wages in the gross sum of $500.00, less all applicable state, federal and local taxes and withholdings to Juan Molina;

(xvi) alleged liquidated damages, statutory damages and/or interest in the gross sum of $500.00 to Juan Molina;

(xvii) alleged unpaid wages in the gross sum of $962.50, less all applicable state, federal and local taxes and withholdings to Jose Rios;

(xviii) alleged liquidated damages, statutory damages and/or interest in the gross sum of $962.50 to Jose Rios; and

(xix) Plaintiffs' counsel, Monteiro & Fishman LLP, the gross sum of $8,814.00 as payment towards attorneys' fees and costs.

1.2 Tax Characterization.

(A) An IRS Form 1099 will be provided to Monteiro & Fishman LLP. For tax purposes, payments in Paragraphs 1.1(B)(i), (iii), (v), (vii), (ix), (xi), (xiii), (xv), and (xvii); and 1.1(C) (i), (iii), (v), (vii), (ix), (xi), (xiii), (xv), and (xvii) shall be treated as unpaid wages for which a Form W-2 shall be issued. Payments in Paragraphs 1.1(B)(ii), (iv), (vi), (viii), (x), (xii), (xiv), (xvi), and (xviii); and 1.1(C)(ii), (iv), (vi), (viii), (x), (xii), (xiv), (xvi), and (xviii) shall be treated as interest and/or liquidated damages and issue without any withholdings for which a Form 1099 shall be issued to Plaintiffs. Plaintiffs shall provide to both the DeCrescenzo Defendants and Affinity Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9. Plaintiffs shall also provide to the DeCrescenzo Defendants and Affinity Defendants on or before the Effective Date a completed and executed IRS Form W-9 for their attorneys. No payment shall be issued under this Agreement until completed and executed IRS Forms W-4 and W-9 are tendered.

(B) Payments treated as unpaid wages pursuant to Paragraph 1.1 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and each respective

6

employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2. Payments treated as interest and/or liquidated damages pursuant to Paragraph 1.1 shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099. Said funds shall be listed in Box 3 ("Other Income") of the issued IRS Form 1099. Payments of attorneys' fees and costs pursuant to Paragraph 1.1(B)(xix) and 1.1(C)(xix) shall be made to Plaintiffs' Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification.

(C) The DeCrescenzo Defendants and Affinity Defendants shall be responsible for any and all applicable employer tax contributions associated with their respective wage payments, including but not limited to the employer share of FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Paragraphs 1.1(B) and (C). Any such payroll taxes ordinarily borne by the respective employer shall be paid by the DeCrescenzo Defendants and Affinity Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount. Defendants shall not be responsible for: (i) any payroll taxes imposed on employees, rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiffs treated as payment of interest and/or liquidated damages reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiffs' Counsel under this Agreement.

(D) Plaintiffs acknowledge and agree that, except for the employer share of FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraphs 1.1(B) and (C), Plaintiffs will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiffs agree to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiffs at any time with respect to any portion of the Settlement Amount received by Plaintiffs except for the employer share of FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraphs 1.1(B) and (C).

(E) The employee portion of all applicable income and payroll taxes will be the sole responsibility of Plaintiffs.

1.3  **Settlement Checks.**  Subject to the provisions of Paragraphs 1.2 and 2.1, the payments referenced in Paragraph 1.1 above shall be delivered by the DeCrescenzo Defendants and Affinity Defendants to the Plaintiffs' counsel, via overnight mail with tracking service to: Marcus Monteiro, Esq., Monteiro & Fishman LLP. In the event that the payments referenced in

Paragraph 1.1 above are not received by the payment date described in Paragraphs 1.1(B) and (C), Plaintiffs' counsel shall serve a written notice ("Default Notice"), as the case may be, upon counsel for the DeCrescenzo Defendants, The Law Offices of Richard J. DaVolio, P.C., 153 Main Street, Suite 10, Sayville, New York 11782 and/or counsel for the Affinity Defendants, Elbert F. Nasis, Esq., Forchelli Deegan Terrana LLP, 333 Earle Ovington Blvd., Suite 1010, Uniondale, New York 11553, enasis@forchellilaw.com via e-mail, and the defaulting Defendants shall have ten (10) calendar days from receipt of same to cure the default by making such payment. Upon the DeCrescenzo Defendants' and/or Affinity Defendants' failure to cure a default within ten (10) calendar days of receipt of the Default Notice, counsel for Plaintiffs shall be entitled to pursue all remedies – including considering this Agreement null and void in compliance with paragraph 23 and 24.

1.4   <u>Amount Payable as Attorneys' Fees and Costs</u>. Except for the amount payable as attorneys' fees and costs, as specified in Paragraphs 1.1(B) and (C), the Parties acknowledge and agree that Defendants are not liable to Plaintiffs for any other attorneys' fees and costs due or owing in connection with this Civil Action.

2. COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT

   2.1 <u>Court Approval of FLSA Settlement</u>.

   (A) Plaintiffs and Defendants will file a Joint Motion seeking an Order approving the settlement of Plaintiffs' Wage and Hour Claims (the "Approval Motion").

   (B) In the Approval Motion, the Parties shall request that the Court approve the settlement of the Wage and Hour Claims as final, fair, reasonable, adequate, and binding on Plaintiffs, based on the terms of this Agreement.

   (C) If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any. Should such efforts be unsuccessful and/or denied, the Civil Action will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in these proceedings.

   (D) The Parties will work together, diligently and in good faith, to obtain expeditiously a final Order approving the settlement Agreement and dismissing this Civil Action with prejudice.

   (E) The payments required by Paragraphs 1.1(B) and (C) hereof from Defendants shall be delivered to Plaintiffs' counsel as set forth in Paragraph 1.3 commencing after Defendants' counsels' receipt of a final Order of the Court approving the Agreement. To the extent that the Court rejects this Agreement, in whole or in part, and/or fails to issue an Order dismissing this Civil Action with prejudice, Defendants shall have no obligation to provide the payments specified in Paragraph 1 hereof.

Further, in the event the Court entirely denies said application for approval, the obligations of the parties shall be deemed null and void and the Civil Action shall continue as though the parties had never entered into this Agreement.

2.2 Effectiveness. This Agreement shall be effective only when: (a) this Agreement is executed by all Parties and (b) a final Order of the Court has been issued approving the terms of settlement specified in this Agreement; provided, however, that the provisions of Paragraph 2 of this Agreement shall become effective immediately upon execution of this Agreement by Defendants and Plaintiffs. The "Effective Date" shall be the first business day after the conditions precedent in this Paragraph are all satisfied.

3. Plaintiffs' Release of Claims to the DeCrescenzo Defendants. In consideration for the payment of TWO HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($275,000.00) as set forth in Paragraphs 1.1 and 1.2 herein, Plaintiffs hereby completely, irrevocably and unconditionally release, waive and forever discharge any and all claims, charges, complaints, judgments, or liabilities of any kind against the DeCrescenzo Defendants, each of their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, and their current owners and principals (collectively referred to as "DeCrescenzo Releasees"), whether known or unknown, which against the DeCrescenzo Releasees, Plaintiffs can, shall or may have from the beginning of time until the date of the complete execution of this Agreement relating to the Wage and Hour Claims, all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, 26 U.S.C. §7434, all claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, or any other fringe benefit, claims for statutory damages and/or penalties for failing to provide proper wage notices and/or wage statements, and any claim for attorneys' fees or costs incurred in pursuing these claims against any of the DeCrescenzo Releasees, except for fees and costs incurred in pursuing a claim for breach of this Agreement, as set forth in Paragraph 20 herein.

4. Plaintiffs' Release of Claims to the Affinity Defendants. In consideration for the payment of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as set forth in Paragraphs 1.1 and 1.2 herein, Plaintiffs hereby completely, irrevocably and unconditionally release, waive and forever discharge any and all claims, charges, complaints, judgments, or liabilities of any kind against the Affinity Defendants, each of their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, and their current owners and principals and Nancy Contino (collectively referred to as "Affinity Releasees"), whether known or unknown, which against the Affinity Releasees, Plaintiffs can, shall or may have from the beginning of time until the date of the complete execution of this Agreement relating to the Wage and Hour Claims, all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York

Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, 26 U.S.C. §7434, all claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, or any other fringe benefit, claims for statutory damages and/or penalties for failing to provide proper wage notices and/or wage statements and any claim for attorneys' fees or costs incurred in pursuing these claims against any of the Affinity Releasees, except for fees and costs incurred in pursuing a claim for breach of this Agreement, as set forth in Paragraph 20 herein.

5. <u>The DeCrescenzo Defendants' Release of Claims</u>. The DeCrescenzo Defendants knowingly and voluntarily release and forever discharge, to the fullest extent permitted by law, the Affinity Releasees of and from any and all claims, known and unknown, which the DeCrescenzo Defendants had or may have against the Affinity Releasees related to the Wage and Hour Claims, **ONLY** any and all crossclaims, claims for indemnification and/or contribution, interest, costs, fees, and/or other expenses, including, without limitation, attorneys' fees incurred in these matters that have been asserted or could have been asserted from the beginning of the world through the date of execution of this Agreement. **As they apply to the subject matter of this action only.**

6. <u>The Affinity Defendants' Release of Claims</u>. The Affinity Defendants knowingly and voluntarily release and forever discharge, to the fullest extent permitted by law, the DeCrescenzo Releasees of and from any and all claims, known and unknown, which the Affinity Defendants had or may have against the DeCrescenzo Releasees related to the Wage and Hour Claims, any and all crossclaims, claims for indemnification and/or contribution, interest, costs, fees, and/or other expenses, including, without limitation, attorneys' fees incurred in these matters that have been asserted or could have been asserted from the beginning of the world through the date of execution of this Agreement.

7. <u>Representations and Warranties of Plaintiffs</u>. By signing this Agreement, Plaintiffs acknowledge and agree that:

   (A) They have been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and they have been specifically advised to consult with legal counsel or a representative of their choice, had the opportunity to do so and have, in fact, done so by consulting with Plaintiffs' Counsel;

   (B) They have read and understand the terms of this Agreement, all of which have been fully explained to them;

   (C) They are not affected by any condition, drug, alcohol or medication that would interfere with or impair their ability to understand this Agreement;

   (D) They have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences

and of the rights relinquished, surrendered, released and discharged hereunder;

(E) The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind have been made to Plaintiffs by any person or entity whatsoever to cause them to sign this Agreement;

(F) They have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in this Civil Action, and have full authority to enter into this Agreement and the releases contained in Paragraphs 3 and 4 above; and

(G) Upon payment of the amounts due pursuant to Paragraph 1 above, Plaintiffs have settled their claims as contained in the Complaint in connection with their employment with Defendants and Plaintiffs are owed no other amounts or forms of compensation, including, but not limited to, any wages, overtime, minimum wage, prevailing wages, supplemental benefits, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, accrued benefits, severance, bonus, tips, and/or commission from Defendants.

8. The Parties acknowledge that the DeCrescenzo Releasees and Affinity Releasees do not admit that they have done anything wrong or treated Plaintiffs unlawfully. The Parties acknowledge that Defendants agreed to this Agreement with the understanding that the terms have been reached because this settlement will: (i) avoid the further expense of costly and protracted litigation; and (ii) put the claims in this Civil Action to rest. Nothing in this Agreement shall be deemed or read as an admission by any of the DeCrescenzo Releasees and/or Affinity Releasees of liability or damages.

9. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

10. Plaintiffs represent that they will not file or pursue any complaints, lawsuits, charges, claims, demands, appeals or actions, that is released herein.

11. Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or portion thereof or interest therein, including, but not limited to, any interest in the Civil Action.

12. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the state of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

13. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the

extent set forth in such written waiver, modification or amendment subject to Court approval, if necessary.

14. This Agreement shall be binding upon, and inure to the benefit of the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

15. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval to this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

16. The Parties agree to have the United States District Court, Eastern District of New York retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

17. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

18. In any interpretation of this Agreement the masculine, feminine or neutral pronouns, respectively, shall include the other genders.

19. The Parties have negotiated and mutually drafted all the terms and conditions of this Agreement at arms' length. The Parties agree that should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against either party as the drafter of this Agreement. The Agreement will be interpreted by the trier of fact, without regard to the identity of the drafter of the Agreement or any of its terms or provisions.

20. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action. This provision does not preclude any party from seeking reasonable costs, attorneys' fees and interest, as well as reasonable costs, attorneys' fees and interest incurred in making a motion for same in the event there is a material breach of this Agreement.

21. This Agreement may be executed in counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page was an original thereof.

22. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement of the Parties. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy,

disputes, causes of action, claims, contentions and differences between the Parties to this Agreement. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

23. Notwithstanding anything to the contrary above, if the Settlement Amount is not paid by the DeCrescenzo Defendants under the terms of this Agreement, then: (i) the Civil Action shall continue against them as if this Agreement was never entered in, and this Agreement shall be deemed null and void as to the DeCrescenzo Defendants only, (ii) the Plaintiffs and DeCrescenzo Defendants will retain all of their respective rights in these proceedings; and (iii) the Plaintiffs and DeCrescenzo Defendants agree to cooperate in restoring this matter back on the Court's active calendar.

24. Notwithstanding anything to the contrary above, if the Settlement Amount is not paid by the Affinity Defendants under the terms of this Agreement, then: (i) the Civil Action shall continue against them as if this Agreement was never entered in, and this Agreement shall be deemed null and void as to the Affinity Defendants only, (ii) the Plaintiffs and Affinity Defendants will retain all of their respective rights in these proceedings; and (iii) the Plaintiffs and Affinity Defendants agree to cooperate in restoring this matter back on the Court's active calendar.

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: April 22, 2024

X _____
MICHAEL MCGUIRE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Nassau  )

On April 22, 2024 before me personally came to me Michael McGuire, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Nathan Cohen
Notary Public, State of New York
Reg. No. 01CO6220135
Qualified in Suffolk County
Commission Expires 04/12/2026

13

Dated: April 22, 2024

_____
CARLO AVERSANO

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF Nassau      )

On April 22, 2024 before me personally came to me Carlo Aversano, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cochoi
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_____
Notary Public

Dated: April 22, 2024

_____
EDWIN SIAGARAN

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF Nassau      )

On April 22, 2024 before me personally came to me Edwin Siagaran, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cochoi
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_____
Notary Public

Dated: April 22, 2024

_____
LELIS PALACIOS

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF Nassau      )

On April 22, 2024 before me personally came to me Lelis Palacios, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cochoi
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_____
Notary Public

14

Dated: April 22, 2024        X_____
                                          MANUEL HERNANDEZ

STATE OF NEW YORK )
                         ) ss.:
COUNTY OF Nassau )

On April 22, 2024 before me personally came to me Manuel Hernandez, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cochol
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_____
Notary Public

Dated: April 22, 2024        X_____
                                          JOSE MEJIA

STATE OF NEW YORK )
                         ) ss.:
COUNTY OF Nassau )

On April 22, 2024 before me personally came to me Jose Mejia, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cochol
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_____
Notary Public

X_____
SANTOS VIGIL

STATE OF NEW YORK )
                         ) ss.:
COUNTY OF Nassau )

On April 22, 2024 before me personally came to me Santos Vigil, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cochol
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_____
Notary Public

Dated: April 22, 2024

X J.A.M.G
_____
JUAN MOLINA

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF Nassau )

On April 22, 2024 before me personally came to me Juan Molina, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Nathalia Cocnol
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

_Nathalia Cocnol_
Notary Public

Dated: April 22, 2024

X Jose Rios
_____
JOSE RIOS

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF Nassau )

On April 22, 2024 before me personally came to me Jose Rios, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_Nathalia Cocnol_
Notary Public
Nathalia Cocnol
Notary Public, State of New York
Reg. No. 01CO6220136
Qualified in Suffolk County
Commission Expires 04/12/2026

16

AFFINITY FLSD AND SECURITY CORP. D/B/A
POSITANO PIZZA & RISTORANTE

Dated: April 30, 2024

By: Jorge Gonzalez
Title:

STATE OF NEW YORK )
) ss.:
COUNTY OF Nassau )

On April 30, 2024 before me personally came to me Jorge Gonzalez, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release on behalf of Affinity FLSD and Security Corp. d/b/a Positano Pizza & Ristorante, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: April 30, 2024

Jorge Gonzalez, Individually

STATE OF NEW YORK )
) ss.:
COUNTY OF Nassau )

On April 30, 2024 before me personally came to me Jorge Gonzalez, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

**POSITANO BRICK OVEN PIZZA & RISTORANTE**

Dated: ~~April~~ may 1, 2024

By: Antonio DeCrescenzo
Title:

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF             )

On ~~April~~ MAY 1, 2024 before me personally came to me Antonio DeCrescenzo, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release on behalf of Positano Brick Oven Pizza & Ristorante, and duly acknowledged to me that he executed the same.

RICHARD J. DaVOLIO
Notary Public State of New York
No. 4904134
Qualified in Suffolk County
Commission Expires 8/10/20

_____
Notary Public

Dated: ~~April~~ MAY 1, 2024

_____
Antonio DeCrescenzo, Individually

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF             )

On ~~April~~ MAY 1, 2024 before me personally came to me Antonio DeCrescenzo, known and known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

RICHARD J. DaVOLIO
Notary Public State of New York
No. 4904134
Qualified in Suffolk County
Commission Expires 8/10/20

_____
Notary Public